UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JAVIER ESQUEDA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:22-cv-00285 |
| § | |
| AXIS SURPLUS INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER AND OPINION

The Court now considers Defendant's motion for summary judgment.[1] Plaintiff did not respond to the instant motion, so by operation of the Local Rules, the motion is unopposed.[2] After duly considering the record and relevant authorities, the Court **GRANTS** the motion and **DISMISSES** the case **WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL HISTORY

This is case arises from an insurance dispute over damage to several buildings on a commercial property on La Homa Road in Mission, Texas. Plaintiff made an insurance claim to Defendant on July 28, 2020, alleging water and wind damage from Hurricane Hanna.[3]

According to the uncontroverted evidence, Defendant assigned the claim to North American Risk Services ("NARS") as its administrator, which in turn engaged Engle Martin & Associates, LLC ("EMA") as its field adjuster.[4] EMA adjusters arrived on August 5, 2020, and

---

[1] Dkt. No. 14.
[2] L.R. 7.4.
[3] Dkt. No. 14-2 at 5.
[4] *Id.* at 8-9.

noted that the buildings Plaintiff asked them to inspect did not correspond to the address or description on the policy.[5] They inspected the location anyway and found wind damage.[6] EMA returned on August 7, 2020, to inspect the location identified in the policy, and found only wear-and-tear unrelated to wind.[7]

In the interim, it appears that Plaintiff hired his own adjuster, Pride Public Adjusters ("Pride"), because EMA emailed NARS on November 10, 2020, to say that they still could not get ahold of Pride and called the claim "stagnant."[8] In late 2020 and early 2021, EMA closed the file, reopened it, and then closed it again "due to lack of interest by the insured and the public adjuster."[9]

Plaintiff later retained counsel and Defendant agreed to have the property double-checked by a new field adjuster, Provencher & Company ("Provencher").[10] Provencher inspected the property on February 23, 2022 and issued a report in March finding loss to be below Plaintiff's deductible.[11] On April 12, 2022, NARS sent Plaintiff a claim denial letter.[12]

In the run-up to this lawsuit, Defendant had the property triple-checked by new engineers ("Roof Tech")[13] and construction consultants ("DBI").[14] They also assessed damage at below Plaintiff's deductible.[15] On August 17, 2022, Plaintiff filed suit in this Court alleging contractual and extracontractual claims.[16] The Court's scheduling order gave Plaintiff a deadline of January

---

[5] Dkt. No. 14-5 at 7.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 32.
[9] *Id.* at 37.
[10] Dkt. No. 14 at 6.
[11] Dkt. No. 14-6 at 3-5.
[12] Dkt. No. 14-2.
[13] Dkt. No. 14-3.
[14] Dkt. No. 14-4.
[15] *Id.* at 29.
[16] Dkt. No. 1.

31, 2023, to designate experts and provide expert reports in accordance with Rule 26.[17] On February 3, 2023, Plaintiff designated Justin Galindo as his expert, but did not provide a report.[18] Defendant now moves for summary judgment.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Under Rule 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[20] The burden then shifts to the non-movant to demonstrate the existence of a genuine issue of material fact.[21] "A fact is 'material' if its resolution could affect the outcome of the action,"[22] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[23] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[24]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[25] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[26] Parties may cite to any part of the record, or bring evidence in the motion and response.[27] By either method, parties need not proffer evidence in a form

---

[17] Dkt. No. 13.
[18] Dkt. No. 14-7.
[19] Fed. R. Civ. P. 56(a).
[20] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[21] *See id.*
[22] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[23] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[25] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[26] *See* FED. R. CIV. P. 56(e).
[27] *See* FED. R. CIV. P. 56(c).

admissible at trial,[28] but must proffer evidence substantively admissible at trial.[29] However, a plaintiff may not rely simply upon the allegations in his complaint, but rather must bring forth summary judgment evidence of those facts alleged in the complaint.[30]

### III. ANALYSIS

"In a case claiming breach of an insurance contract, the plaintiff must show coverage, that the contract was breached, that the insured was damaged by the breach, and the amount of resulting damages."[31] At trial, the burden is on Plaintiff to prove coverage (his allegation that "Defendant refused to fully compensate the Plaintiff under the terms of the Policy for a covered loss"[32]) and breach (that the true figure for "estimated repairs for Plaintiff's home are over $191,000, well above Plaintiff's deductible."[33]).

Defendant proffers evidence that some buildings on the La Homa property with a different address than that listed on Plaintiff's policy are not covered.[34] As to the building that is covered by the policy, Defendant proffered evidence that the first adjuster, EMA, found that the damage was caused by wear and tear, not Hurricane Hanna.[35] Furthermore, the other two adjusters of the

---

[28] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[29] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[30] *Hugh Symons Grp. v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) (citing *Celotex*, 477 U.S. at 324) ("Unsubstantiated assertions are not competent summary judgment evidence.").
[31] *Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.*, 84 F. Supp. 3d 553, 569-70 (S.D. Tex. 2015) (citing *Block v. Employers Cas. Co.*, 723 S.W.2d 173, 178 (Tex. App.-San Antonio 1986), aff'd, 744 S.W.2d 940 (Tex.1988)).
[32] Dkt. No. 1 at 7, ¶ 18.
[33] *Id.* at 4, ¶ 13 (note that the evidence does not indicate the property is Plaintiff's residence).
[34] Dkt. No. 1 at 50, 80 (Policy listing "5110 N La Homa Rd, Mission, TX 78572" as the insured address called "Premise 3" or "Location 3", and listing only one building at that Premise/Location); Dkt. No. 14-5 at 7 (EMA states that the 5202 La Homa "address is not identified on the policy."); Dkt. No. 14-6 at 3 (Provencher inspected property at "5202 La Homa Rd . . . however the insured states that it is 5110 La Homa with no documentation.").
[35] Dkt. No. 14-6 at 8.

La Homa property, Provencher and DBI, found that *even if* all the buildings were covered *and* damaged by covered loss, the cost of repair is below Plaintiff's deductible.[36]

The burden then shifts to Plaintiff.[37] While a plaintiff may testify as to the damage to his property and, in some instances, even as to the cost of repair, here, Plaintiff provides nothing to rebut Defendant's evidence. Plaintiff did not file a response, and the alluded-to report from Pride Public Adjusters[38] is not in the record. Additionally, Plaintiff's proffered expert, Justin Galindo, did not provide a report as required by Federal Rule of Civil Procedure 26(a)(2),[39] nor did he provide an affidavit to support Plaintiff's case at summary judgement.

Therefore, Defendant is entitled to summary judgment as a matter of law. Summary judgement as to Plaintiff's breach of contract claim is **GRANTED**, and summary judgment is also **GRANTED** as to Plaintiff's extracontractual claims because "an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy."[40]

---

[36] Dkt. No. 14-1 at 11, 100 (listing Plaintiff's windstorm/hair deductible at 2% of the $900,000 coverage, or $18,000); Dkt. No. 14-6 at 3 (Provencher assessing loss at $9,240); Dkt. No. 14-4 at 29 (DBI assessing loss at $11,771.94).
[37] *Celotex*, 477 U.S. at 323.
[38] Dkt. No. 14-5 at 32.
[39] Dkt. No. 14-7. The Court can find no evidence that Justin Galindo or Ace Contracting Services, Inc., was retained before litigation such that he might be exempt from written report requirement under FED. R. CIV. P. 26(a)(2)(C).
[40] *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018).

## IV.  HOLDING

For the foregoing reasons, the Court finds that Plaintiff cannot maintain a genuine dispute as to any material fact at trial and **GRANTS** Defendant's motion for summary judgment. A separate final judgment will issue, pursuant to Rule 54.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 11th day of July 2023.

Micaela Alvarez
Senior United States District Judge